IN re Multidistrict Civil Antitrust Actions Involving ANTIBIOTIC DRUGS.

No. 10.

Judicial Panel on Multidistrict Litigation.

Oct. 21, 1968.

As Corrected Nov. 19, 1968.

Before ALFRED P. MURRAH, Chairman, JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROB-SON, WILLIAM H. BECKER and JOSEPH S. LORD, Judges of the Panel.

OPINION AND ORDER

WILLIAM H. BECKER, Judge of the Panel.

Pursuant to order and on notice to the parties to the multidistrict civil antitrust cases listed in the attached Schedule A, a hearing was held on September 18, 1968, on the motion to transfer to the Southern District of New York for pretrial purposes the cases listed in the attached Schedule A under Section 1407, Title 28, U.S.C. (except those cases then pending in the Southern District of New York). This motion to transfer was submitted on behalf of defendants American Cyanamid Company, Bristol-Myers Co., Olin-Mathieson Chemical Corp., and the Upjohn Company.

At the same time, on the initiative of the Panel, and on notice to the parties to the cases listed in the attached Schedule A, a hearing was held to consider transfer of all the actions listed in the attached Schedule A under Section 1407, Title 28, U.S.C., to a district or districts other than the Southern District of New York.

The following parties plaintiff in cases listed in the attached Schedule A, in writing or orally, supported the motion to transfer to the Southern District of New York:

State of Alabama
State of Florida
State of Illinois
State of Indiana
State of Iowa
State of Kansas, its Departments, Agencies, Boards, Commissions, certain Hospital Districts, Boards of County Commissioners, and Cities of the State of Kansas

State of Louisiana
State of Massachusetts
State of Minnesota
State of Mississippi
State of North Dakota
State of Oregon
State of Pennsylvania
State of Texas
State of West Virginia
City of Boston
City of Memphis
City of New York

The plaintiffs State of California, County of Los Angeles and the City and County of San Francisco opposed the motion to transfer to the Southern District of New York.

The affected civil antitrust actions all involved the antibiotic drug tetracycline. In each of the affected actions there are alleged violations of the antitrust laws which were the basis of convictions of three of the five defendants in the Southern District of New York.

The principal offices of four of the sellers are in the New York area. The principal office of the fifth seller is in Michigan.

Sixteen of the affected actions were filed and are pending in the Southern District of New York.

Additional similar affected actions were filed and are pending in eight other districts in the following numbers:

| District | No. of Actions |
| --- | --- |
| Eastern District of Pennsylvania | 4 |
| District cf Massachusetts | 2 |
| Northern District of Illinois | 5 |
| Southern District of Iowa | 1 |
| District of Kansas | 1 |
| Northern District of Texas | 1 |
| District of New Jersey | 1 |
| Northern District of California | 4 |
| Central District of California | 3 |

The total number of affected actions was 38 when the notice of hearing of September 18, 1968, was issued. Since that time there have been additional similar actions filed, transfer of which may be considered later.

Prior to the hearing, the sixteen actions pending in the Southern District of New York had been assigned to a single judge, the Honorable Inzer B. Wyatt, District Judge. The pretrial processes in the cases assigned to Judge Wyatt are farther advanced than in any other action. The collection in the Southern District of New York of relevant data and documentary information on issues common to the actions is substantially greater than in any other district.

The records and evidentiary material of the related criminal case are more readily available in the Southern District of New York.

In some of the affected actions in the several districts there are requests for potentially conflicting determinations of class actions on behalf of plaintiffs and potential plaintiffs.

The affected actions meet the standards for transfer for pretrial purposes to a single district. There are "one or more common questions of fact" in the related actions. The Panel has determined that transfer to the Southern District of New York for coordinated or consolidated proceedings of the affected actions (pending in other districts) "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions".

In reaching this determination the Panel has considered the objections to transfer to the Southern District of New York made at the hearing and in the briefs. Some plaintiffs who originally opposed the motion to transfer in the briefs supported the motion at the hearing. Some plaintiffs did not oppose the motion unconditionally but suggested that action on the motion be deferred.

The plaintiff Cities of Philadelphia and Detroit and certain plaintiff non-profit hospitals and health centers, whose actions are filed and pending in the Eastern District of Pennsylvania, do not object to transfer of those suits to the Southern District of New York. These plaintiffs do, however, request that the Panel expressly exclude from the transferee court the power to make determination of the class action requests in those cases. To grant such a request would deny to the transferee court the power to resolve in early pre-trial the potential conflict in multidistrict class action determinations. Under the circumstances of this case denial of this power, if authorized by law, would not be in the interest of justice and would not promote the efficient and just conduct of the affected actions.

Plaintiff Kent Pharmaceuticals opposes transfer of its case from the Eastern District of Pennsylvania on the ground that it claims relief because of boycott and exclusion as a result of the conspiracy. It points out that it has an interest in proving that the prices and profits would be high in the absence of the conspiracy, while the many end user plaintiffs have an interest in proving that the same prices would be low. This is not a sufficient reason to deny transfer of the Kent Pharmaceutical case. Common questions of fact in respect to the conspiracy, economic conditions, and what prices would be in the absence of conspiracy remain. The transferee court can schedule the pretrial, including discovery on prices and economic conditions, in a manner which will be most efficient and just to all parties. If any differences or exceptions in pretrial are desirable in respect to Kent Pharmaceuticals, the transferee court can control the proceedings to that end. The Panel, however, does not suggest that such differences or exceptions are, or are not, appropriate.

In this connection it is significant that the plaintiff Continental Vitamins, an alleged excluded competitor in the District of New Jersey, is in a position similar to that of Kent Pharmaceuticals but desires that its action be transferred to the Southern District of New York.

A very serious question is raised by the opposition of plaintiffs in the Northern and Central Districts of California. These plaintiffs oppose transfer of their cases to New York. They suggest that if any of the California cases are to be transferred, they be separately transferred on a regional basis to a California district. Some extra expense and inconvenience to counsel in travel to New York for pretrial conferences will occur. But it is found that this expense and inconvenience will be more than offset by savings from, and convenience of coordinated or consolidated pretrial proceedings directed by the transferee judge.

Counsel for plaintiffs in an unlisted action, Richardson Drug and others, voluntarily appeared at the hearing. Therefore, that unlisted case will also be transferred.

Consent of the United States District Court for the Southern District of New York to the assignment of the transferred actions to the Honorable Inzer B. Wyatt is attached hereto.

For the foregoing reasons, it is hereby

ORDERED that the 22 actions, listed in Schedule A attached, pending in the Districts of Massachusetts, Kansas, and New Jersey, the Eastern District of Pennsylvania, Northern District of Illinois, Southern District of Iowa, Northern District of Texas, Northern District of California, and the Central District of California be, and they are hereby, transferred under Section 1407, Title 28, U.S.C., to the Southern District of New York and assigned to the Honor-

able Inzer B. Wyatt, District Judge. It is further

Ordered that the action entitled Richardson Drug, et al. v. Chas. Pfizer & Co., et al., No. 68–744–G be, and it is hereby transferred to the Southern District of New York and assigned to the Honorable Inzer B. Wyatt, District Judge.

All concur.

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

In the Matter of Multidistrict Civil Antitrust Actions Involving Antibiotic Drugs

CONSENT OF TRANSFEREE COURT UNDER SECTION 1407, TITLE 28, U.S.C

The United States District Court for the Southern District of New York does hereby consent to the transfer under Section 1407, Title 28, U.S.C., of multidistrict civil antitrust actions involving antibiotic drugs and the assignment of such actions to the Honorable Inzer B. Wyatt of said District.

ENTER:

(s) SIDNEY SUGARMAN, Chief Judge,

Date   Oct. 14, 1968