**In re Multidistrict Civil Antitrust Actions Involving ANTIBIOTIC DRUGS. No. 10.**

Judicial Panel on Multidistrict Litigation. April 3, 1969.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON and WILLIAM H. BECKER, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

Following notice to all counsel in the then pending cases, an initial hearing in this litigation was held on September 18, 1968 in Washington, D. C. On October 21, 1968 an opinion and order was filed transferring twenty-three cases to the Southern District of New York and assigning them to the Honorable Inzer B. Wyatt for coordinated or consolidated pretrial proceedings. In re Antibiotic Drug Litigation, 295 F.Supp. 1402 (Jud. Pan.Mult.Lit.1968). Twenty-four *tag along cases* were subsequently transferred without opposition to the Southern District of New York and assigned to Judge Wyatt pursuant to 28 U.S.C. § 1407.

On December 12, 1968 and January 28, 1969, counsel for the parties in certain cases, including those on the attached list, were ordered to *show cause* why those cases should not be transferred to the Southern District of New York on the basis of the September 18, 1968 hearing and for the reasons stated in the October 21, 1968 opinion and order. Counsel for the plaintiffs in each of the cases on the attached list filed responses to this order opposing the proposed transfer.

A hearing was scheduled for February 28, 1969 to consider the plaintiffs' objections to the proposed transfer and

counsel for all parties were notified.[1] The only attorney appearing at the hearing who opposed the proposed transfer represented the plaintiffs in the four Minnesota cases.[2] All other cases were submitted on the written opposition filed by counsel for the objecting plaintiffs and the responses thereto filed by counsel for the defendants.

We are convinced that these ten cases, like the initial group of cases, meet "the standards for transfer for pretrial purposes to a single district" and should be transferred to the Southern District of New York for consolidated or coordinated pretrial proceedings.

Counsel for the plaintiffs in the *Cedars of Lebanon Hospital* and *Jackson Hospital* cases assert that transfer of those cases would not be for the convenience of those plaintiffs and its witnesses. "Of course, it is to the interest of each plaintiff to have all of the proceedings in *his* suit handled in *his* district. But the Panel must weigh the interests of all the plaintiffs and all the defendants, and must consider multiple litigation as a whole in the light of the purposes of the law." In re Library Editions of Children's Books, 297 F.Supp. 385, 386 (Jud.Pan.Mult.Lit.1968). We are satisfied that the convenience of *all* parties and *all* witnesses will be served by the transfer of these cases to New York.

These ten cases all contain class action claims brought under Rule 23, Federal Rules of Civil Procedure. Counsel for all plaintiffs urge that the transferor court be allowed to determine the scope and status of the class action claims.[3] Section 1407 does not authorize the separation of *issues* and the retention of the class action questions by a transferor court "would make possible, and perhaps probable, pretrial chaos in conflicting class action determinations which Section 1407 was designed to make impossible." In re Plumbing Fixture Litigation, 298 F.Supp. 484, 492 (Jud. Pan.Mult.Lit.1968).

Counsel for the plaintiffs in the *Lee Prescription Shop Cases* additionally urge that one of those two cases should not be transferred since it was initially brought under state antitrust law in a state court and was later removed to federal court by the defendants. "The fact that the cause is in the district court by removal from a state court has no bearing on a motion to transfer (under 28 U.S.C. § 1404(a)). Once removed, the action proceeds as if it had been brought in the federal court originally." Chicago R. I. & P. R. Co. v. Igoe, 212 F.2d 378, 382 (7th Cir., 1954). We see no reason why this rule is any less applicable to transfers under 28 U.S.C. § 1407.[4] The real question is whether this action lacks the commonality of factual

---

1. The plaintiff in one of the cases, Beins d/b/a Waverly Drug, et al. v. Chas. Pfizer & Co., Inc., et al., subsequently withdrew its opposition to the proposed transfer and that case has been transferred to the Southern District of New York under Section 1407.

2. Counsel for certain of the defendants also appeared and briefly commented on the objections raised by the plaintiffs.

3. Counsel for the Arizona plaintiffs urge only that the *initial* class action determination should be made by the local court subject to redetermination by the transferee court. We need not decide whether a judge who anticipates that a case assigned to him will soon be transferred under Section 1407 should abstain from determining class action questions. But where, as here, the potential transferor court has stayed further proceeding pending Panel action, it seems clear that the just and efficient conduct of such a case will be advanced by a prompt transfer of the action so that the transferee court can proceed with its determination of the class action question.

4. A motion to remand this case to the state court has been filed in the Southern District of Florida but disposition of it has been stayed pending Panel action. We can perceive no reason why the transferee court will not be able to make a just and speedy determination of this pending motion once the case has been transferred to it.

questions which permeate the other cases. The factual allegations in the state complaint are identical with those in the complaint filed in federal court under federal antitrust law and are not unlike those made in the vast majority of these cases. The plaintiff does not contend that the *factual* issues presented in its state case are in any way different from those presented in the federal case. Different legal theories present no bar to transfer under Section 1407 where common questions of fact are present. In re Air Crash Disaster at Greater Cincinnati Airport, 295 F.Supp. 51 (Jud.Pan.Mult.Lit. 1968). In addition, both cases are purported class actions involving a class composed of "all persons, businesses, institutions or other entities whose activities require that they purchase broad spectrum antibiotic * * * for purpose of resale * * *." This purported class conflicts with other class action claims which are now before the Southern District of New York and the resolution of these conflicting class action claims by a single court will clearly promote just and efficient conduct of these cases.

■ Counsel representing plaintiffs in the four Minnesota cases initially opposed transfer so that the class action questions could be resolved in the transferor court. At oral argument, however, counsel abandoned his objections to the transfer of the *St. Luke's Hospital case* but opposed the transfer of the remaining three cases on the ground that these cases do not involve antibiotic drugs for human consumption but rather for use in animal feed and therefore raise factual questions entirely unrelated to those presented in the cases previously transferred to the Southern District of New York.[5]

A somewhat similar argument was advanced by the plaintiff in Kent

Pharmaceuticals v. Chas. Pfizer & Co., Inc., et al. who asserted that its case was different from the rest of the pending cases because it was brought by an excluded competitor rather than by a consumer. This difference was held insufficient to deny transfer and we believe that in these three cases, as in the Kent case, "common questions of fact in respect to the conspiracy, economic conditions, and level of what prices would be in the absence of the conspiracy remain." In re Antibiotic Drug Litigation, 295 F. Supp. 1402, 1409 (Jud.Pan.Mult.Lit. 1968).

Similarly the *short line defendants* in the plumbing fixture cases sought exclusion from the proposed transfer on the ground that the claims against them arose from a separate criminal indictment. In rejecting this contention we pointed out these cases were not unrelated to the other group of cases but that there were "questions of fact common to the 39 actions on economic, technical and conspiratorial issues." In re Plumbing Fixture Litigation, 295 F.Supp. 33, 34 (Jud.Pan.Mult.Lit.1968). We do not believe the agricultural cases are unrelated to the human consumption cases as both involve, at a minimum, common questions of fact with regard to the alleged conspiracy.

■ If these cases are to be transferred, counsel for the plaintiffs urge us not to "bind Judge Wyatt's hands" but to permit him to treat these cases independently. If Judge Wyatt determines that the *agricultural cases* should be treated separately he is of course free to do so and these cases may be remanded to Minnesota for trial as soon as all common discovery has been completed. We merely hold that there are sufficient common questions of fact to merit consolidated pretrial proceeding as to those common questions of fact.

---

5. One of the cases previously transferred from the Southern District of California, Bidart Bros. v. Chas. Pfizer & Co., Inc., et al., was brought as a class action on behalf of all raisers of livestock in the State of California, although this difference was not urged as a bar to the transfer of that case. We have been advised that the case has been dismissed by the plaintiff.

It is therefore ordered that the cases listed on the attached Schedule D–1 be and they are hereby transferred under Section 1407 to the Southern District of New York and with the consent of that court assigned to the Honorable Inzer B. Wyatt.

## SCHEDULE D–1

### Southern District of Florida

| | |
|---|---|
| Cedars of Lebanon Hospital Corp. v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 68 1131 |
| Lee's Prescription Shops, Inc., et al. v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 68–1224–CIV |
| Lee's Prescription Shops, Inc., et al. v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 68–1340–CIV |

### Middle District of Alabama

| | |
|---|---|
| Jackson Hospital & Clinic, Inc., et al. v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 2809–N |

### District of Arizona

| | |
|---|---|
| Arizona Foundation for Neurology and Psychiatry, et al. v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 6967–PHX |
| The County of Maricopa v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 6961–PHX |

### District of Minnesota

| | |
|---|---|
| St. Lukes Hospital, et al. v. American Cyanamid Co., et al. | Civil Action No. 68 408 |
| Doughboy Industries, Inc., et al. v. American Cyanamid Co., et al. | Civil Action No. 68 409 |
| Minnesota Fur Foods Cooperative, et al. v. American Cyanamid Co., et al. | Civil Action No. 68 410 |
| The Grange Company, et al. v. American Cyanamid Co., et al. | Civil Action No. 68 411 |