**In re Multidistrict Civil Antitrust Actions involving ANTIBIOTIC DRUGS.**

**No. 10.**

Judicial Panel on Multidistrict Litigation.
July 9, 1969.
As Amended Aug. 7, 1969.

7. See Footnote 3.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM *, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER and JOSEPH S. LORD, III, Judges of the Panel.

## OPINION

PER CURIAM.

On October 21, 1968 following notice and hearing, the Panel ordered 22 cases pending in nine different districts transferred under 28 U.S.C. § 1407 to the Southern District of New York and assigned to Judge Inzer B. Wyatt of that court. 295 F.Supp. 1402. Since then forty-nine other cases have been transferred to the Southern District of New York and assigned to Judge Wyatt. In addition thirty cases were originally commenced in that district and these too have been assigned to Judge Wyatt.

On February 6, 1969 the defendants made a tentative settlement offer total-

ling $120,000,000 premised upon the establishment of class actions embracing all potential claims against the defendants. The settlement proposal further provides that if some of the class members request exclusion and do not otherwise participate in the settlement there shall be an appropriate reduction in the size of the settlement fund. On May 23, 1969 Judge Wyatt entered an order establishing certain procedures for the administration of the settlement and the establishment of the class actions. State of West Virginia v. Charles Pfizer et al., F.R.D. (S.D.N.Y.)

On March 24, 1969 the Panel entered a *conditional transfer order* [1] transferring the *State of Washington case* from the Western District of Washington to the Southern District of New York. Counsel for the plaintiff opposed the proposed transfer and an order was entered staying the execution of the *conditional transfer order* "until further order of this Panel." At the request of counsel for the plaintiff a hearing was held on May 23, 1969 in Denver, Colorado.

On May 14, 1969 a conditional transfer order was entered transferring the *Group Health Cooperative of Puget Sound* case from the Western District of Washington to the Southern District of New York. On May 23, 1969, the same day that the *State of Washington* case was being argued in Denver, counsel for this plaintiff filed their opposition to the proposed transfer of this case with the clerk in Washington, D. C. Plaintiff's counsel advised the clerk that a hearing would not be required in connection with the *Group Health Case* as the arguments made in the *State of Washington case* were equally applicable to the *Group Health Case.*

Without in any way criticizing Judge Wyatt for his handling of this litigation up to the present time, counsel for the plaintiffs urge that the task of adminis-

---

* Although he was unable to be present at the Denver hearing, Judge Wisdom has, with the consent of the parties, participated in this decision.

1. The conditional transfer order and its use are more fully described in In re Gypsum Wallboard Cases, 302 F.Supp. 794 (Jud.Pan.Multi.Lit.1969).

**1160**

tering the settlement program *and* conducting pretrial proceedings in the non-settling cases is too great for any one judge. The plaintiffs have indicated that they will not participate in the settlement program and wish to expedite pretrial proceedings so that these cases can be tried without undue delay. In the memorandum in support of their opposition to the transfers, counsel for the plaintiffs requested that these two cases either be left in the Western District of Washington or that they and the other non-settling cases be transferred to a separate district and assigned to another judge, preferrably on the West Coast.[2]

Without minimizing the tremendous burden placed on a single judge by such a mass of litigation, we see no reason for fragmenting this litigation at the present time. In addition to the present difficulty in discerning the settling and non-

settling parties, the partitioning of the cases could lead to conflicting class actions, a situation which § 1407 was designed to prevent. In Re Plumbing Fixture Cases, 298 F.Supp. 484 (Jud.Pan. Mult.Lit.1968) None of the parties in the non-settling cases has requested Judge Wyatt to proceed with pretrial discovery and there is absolutely no indication that Judge Wyatt is unwilling or unable to conduct pretrial proceedings in the non-settling cases *while* supervising the administration of the settlement program.

The motions to vacate the conditional transfer orders of March 24, 1969 and May 14, 1969 are denied; the stays of those orders are hereby lifted and the Clerk of the Panel is directed to transmit them forthwith to the Clerk of the Southern District of New York for filing and distribution pursuant to § 1407.

2. This request was seemingly abandoned by counsel in argument before the Panel as he merely emphasized the enormity of Judge Wyatt's task and suggested that another judge be made available if necessary.