In re Multidistrict Civil Antitrust Litigation Involving ANTIBIOTIC DRUGS.
Jack England
v.
Charles Pfizer & Co., Inc., et al.,
W.D.Ark., Civil No. ED–69–C–8.
No. 10.

Judicial Panel on Multidistrict Litigation.
Aug. 21, 1969.

Before ALFRED P. MURRAH, Chairman and JOHN MINOR WISDOM*, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER and JOSEPH S. LORD, III *, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

The complaint filed on March 21, 1969 disclosed that the above-captioned case was related to litigation which had previously been transferred to the Southern District of New York for consolidated or coordinated pretrial proceedings under § 1407. A *conditional transfer order* was entered on May 14, 1969 transferring this case to the Southern District of New York on the basis of prior hearings held by the Panel in connection with this litigation and for the reasons stated in the previous transfer orders and opinions.[1] This order was automatically stayed ten days to permit any party to oppose the transfer if it wished to do so. Counsel for the plaintiff filed a motion to vacate the *conditional transfer order* and that order was stayed until further order of the Panel. Counsel for the plaintiff also requested a hearing on its objection

---

* Judges Wisdom and Lord were unable to attend the hearing in Denver, Colorado but with the consent of all parties they have participated in this decision.

1. In re Antibiotic Drugs, 295 F.Supp. 1402 (JPML 1968); 297 F.Supp. 1126 (JPML 1968); 299 F.Supp. 1403 (JPML April 3, 1969); 301 Fed.Supp. 1158 (JPML July 9, 1969).

to the proposed transfer and the matter was set for hearing during the regular July session held in Denver on July 25, 1969.

■ In his original brief opposing the transfer counsel for the plaintiff contended that the transfer of this case to the Southern District of New York would neither be for the convenience of parties and witnesses nor would it promote the just and efficient conduct of this action. Counsel further asserted that the only parties who would be convenienced by the transfer are the defendants but that the transfer of this case would cause the plaintiff and its attorney additional expense and inconvenience. Of course we realize that each plaintiff would prefer to have all of the proceedings in *his* suit handled in *his* district. "But the Panel must weigh the interests of all the plaintiffs and of all the defendants, and must consider multiple litigation as a whole in the light of the purposes of the law." In re Library Editions of Children's Books, 297 F.Supp. 385, 386 (JPML 1968). We also recognize that some extra expense and inconvenience will be involved in counsel's travel to New York for pretrial conferences but we believe that this expense and inconvenience will be more than offset by savings from, and convenience of coordinated and consolidated pretrial proceedings directed by the transferee judge. In re Antibiotic Drugs, 295 F.Supp. 1402, 1404 (JPML 1968).

■ Counsel is also concerned about the great burden which has been imposed on Judge Wyatt by the assignment of these many cases to him and he apparently fears that the *nonsettling cases* will be ignored while Judge Wyatt concentrates on administering the settlement program. As we have recently pointed out "none of the parties in the nonsettling cases has requested Judge Wyatt to proceed with pretrial discovery and there is absolutely no indication that Judge Wyatt is unwilling or unable to conduct pretrial proceedings in the nonsettling cases *while* supervising the administration of the settlement program." In re Antibiotic Drug Litigation, 301 F.Supp. 1158 (JPML July 9, 1969).

■ In his supplemental brief counsel urges that his case lacks the predicate *common questions of fact* with the other drug cases which have been filed in, or transferred to the Southern District of New York since this is a case involving drugs used in poultry feed [2] rather than drugs for human consumption. Perhaps the most important question of fact common to the *agricultural cases* is whether or not they can rely on the prior criminal convictions of these defendants in the Southern District of New York. In excluding this class of plaintiffs from their settlement offer, the defendants have indicated that they do not believe that agricultural products were included in the criminal actions. The plaintiffs on the other hand hope to rely on the criminal convictions.[3] In any event we have already held that the *agriculture cases* are sufficiently *factually* related to the

2. In addition to the original and intervening plaintiffs this action was commenced as a class action in which the plaintiffs purport to represent a class consisting of "all livestock and poultry feed manufacturers, mixers and compounders, all poultry hatcheries, poultry raisers, poultry feeders, poultry egg producers, poultry processors, animal and livestock breeders, animal and livestock raisers, animal and livestock feeders, and animal and livestock processors located in the United States of America and elsewhere, who have purchased, paid for and used (any one or more of such activities) broad spectrum antibiotics or broad spectrum antibiotic products, directly or indirectly, during the period in suit and have sustained damage as a result of the monopoly, combination and conspiracy herein alleged.

3. In another setting it was the defendants who opposed transfer on the ground that the civil actions were broader than the government indictment. We pointed out that "[g]enuine common questions of fact do not depend upon the limits or breadth of the indictments or convictions in any case." In re East of the Rockies Concrete Pipe Litigation, 302 F.Supp. 244 (JPML 1969). See also Leh v. General Petroleum Corp., 382 U.S. 54, 56, 86 S.Ct. 203, 15 L.Ed.2d 134.

*human consumption cases* to justify their transfer for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. In re Antibiotic Drug Litigation 299 F.Supp. 1403 (JPML April 3, 1969). We are constrained to add that the very broad class action claims presented in the instant case are in potential conflict with the agricultural cases previously transferred to the Southern District of New York. The transfer of all such cases to a single district will eliminate the possibility of conflicting or overlapping class actions. See In re Plumbing Fixture cases 298 F.Supp. 484 (JPML 1968).

We have no doubt that the transfer of this case to the Southern District of New York for coordination and consolidation with the other cases filed or transferred there under § 1407 will be for the convenience of all parties and all witnesses and will promote the just and efficient conduct of these actions.

The motion to vacate the order of May 14, 1969 is denied; the stay of that order is hereby lifted and the clerk of the Panel is directed to transmit that order forthwith to the clerk of the Southern District of New York for filing and distribution pursuant to § 1407.