**In re Multidistrict Civil Antitrust Actions Involving ANTIBIOTIC DRUGS.**

*American Cyanamid Company v. Rachelle Laboratories,* Central District of California, Civil Action No. 70–521–JWC.

*American Cyanamid Company v. Rachelle Laboratories,* Central District of California, Civil Action No. 71–242–JWC.

**No. 10.**

Judicial Panel on Multidistrict Litigation. June 15, 1971.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, and STANLEY A. WEIGEL, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

The defendant in these two patent infringement actions, Rachelle Laboratories, Inc., has filed a motion with the

Panel to transfer both actions to the Southern District of New York and to assign them to Judge Miles W. Lord[1] for coordinated or consolidated pretrial proceedings with the other "antibiotic drug cases" previously transferred to New York and assigned to Judge Lord. See In re Antibiotic Drug Litigation, 320 F.Supp. 586 (JPML 1970). American Cyanamid, the plaintiff in these two cases and a defendant in virtually all of the previously transferred cases, opposes the transfer of these two cases to New York. A hearing was held in Washington, D. C., on May 26, 1971 to consider the proposed transfer.

The gravamen of these two actions is Cyanamid's claim that Rachelle infringed three of its United States Patents: No. 2,619,420 (the Jukes Patent), No. 2,803,657 (the Ritter Patent) and No. 3,128,227 (the Kanegis Patent).[2] The three patents involved here are, in a sense, application patents; the Jukes Patent covers antibiotic drugs for use as growth stimulants in animal feeds, the Ritter Patent covers aqueous solution of antibiotics for intravenous injections and the Kanegis Patent covers aqueous solution of antibiotics for intramuscular injections.[2a]

In addition to the "standard defenses" of invalidity, noninfringement and laches, Rachelle contends that Cyanamid and the other defendants in the multidistrict litigation have used these three patents "as part of a large pool of domestic and foreign patents relating to broad spectrum antibiotics to eliminate domestic and foreign competition in the business of the manufacture, distribution and sale of broad spectrum antibiotics, and to attempt to monopolize the domestic and foreign business of the manufacture, distribution and sale of broad spectrum antibiotics, and in monopolizing the domestic and foreign business of the manufacture, distribution and sale of all broad spectrum antibiotics intended for human therapeutic use and animal and poultry feed and animal and poultry therapeutic use * * *."[3] Rachelle points out that a nearly identical contention is made in the complaint of its affiliate, International Rectifier Corp., against Cyanamid and others in International Rectifier Corp., etc., et al. v. American Cyanamid Co. et al., a case originally filed in the Central District of California but transferred to the Southern District of New York and assigned to Judge Miles Lord.

Cyanamid's principal objection to the proposed transfer is its belief that the inclusion of these two cases in coordinated or consolidated pretrial proceedings being conducted by Judge Lord will further expand the scope of that litigation and its concomitant discovery and will delay the scheduled trial of these cases. Cyanamid points out that these three patents are not mentioned in any of the complaints in the transferred actions (except the Rectifier Case mentioned above) but counsel for Cyanamid quite candidly conceded at oral argument that the litigation seemed to be drifting away from the "price-fixing conspiracy" charged in most of the plaintiffs' original complaints and was apparently focusing on an alleged illegal patent pools as described above. Counsel for Rachelle reinforced this belief by asserting that the plaintiffs' trial brief (which was to be filed on June 1, 1971) includes such a patent pooling allegation.

We think it clear from the remarks of both counsel that, although these three patents are not frequently mentioned in the complaints filed in the other cases, they are likely to play an important role in this litigation. Cyanamid's fear that

1. Judge Lord is from the District of Minnesota and is sitting by assignment in the Southern District of New York.

2. The basic Tetracycline Patent involved in this multidistrict litigation is U. S. Patent No. 2,699,054 (the Conover Patent) which is owned by Chas. Pfizer & Co., Inc., a defendant in the related cases but not a party in these actions.

2a. Case No. 70–521 involves the Jukes Patent while case No. 71–242 involves the Ritter and Kanegis Patents.

3. Rachelle's answer to complaint in No. 71–242, paragraph 10.

the inclusion of these two cases will necessitate extensive additional discovery and delay the trial of the other cases was refuted by counsel for Rachelle who stated unequivocally that present discovery procedures were producing material relevant to these three patents and that further discovery as to these three patents would not be necessary. As to the "noncommon issues" of patent validity, infringement, laches, etc., we are certain that Judge Lord can accommodate counsel and schedule discovery so as to avoid conflicts and duplication. The parties in these cases are already actively involved in the proceedings before Judge Lord and the transfer of these cases to New York will cause them no inconvenience. Indeed, the assignment of these cases to Judge Lord will eliminate the possibility of duplicative discovery, inconsistent rulings and conflicting pretrial conferences all of which could occur if these clearly related cases were assigned to a different judge.

It is therefore ordered that the above actions be and the same are hereby transferred to the Southern District of New York for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407 and with the prior consent of that court, they are hereby assigned to the Honorable Miles W. Lord.

