### In re ANTIBIOTIC DRUGS ANTI-TRUST LITIGATION.
*Pfizer Inc. v. International Rectifier Corp., et al., C.D.Cal., Civil Action No. 73–58–R.*
**Docket No. 10.**

Judicial Panel on Multidistrict Litigation.
March 12, 1973.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD*, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

### PER CURIAM.

Pfizer recently filed an action in the Central District of California against International Rectifier and several of its wholly owned subsidiaries and U.S.V. Pharmaceutical Corp. charging them with infringement of Pfizer's patent on doxycycline, a broad spectrum antibiotic sold under the trademark Vibramycin. Defendants move the Panel for an order transferring this action for inclusion in the coordinated or consolidated pretrial proceedings in this litigation before Judge Miles W. Lord in the District of Minnesota. On the basis of the papers filed and the hearing held, we find that this action should be transferred to the District of Minnesota for pretrial proceedings.[1]

Pfizer opposes transfer of this action on the ground that the doxycycline product and patent are not involved in the actions consolidated for pretrial proceedings in Minnesota. It also asserts that the criteria for transfer of this action under Section 1407 have not been satisfied and that International Rectifier is attempting to use the statute to further its own competitive interests.

There are, however, two significant aspects of the doxycycline infringement action and the Minnesota pretrial proceedings which favor transfer to Minnesota. First, the antitrust allegations asserted as a defense to Pfizer's infringement action involve issues already raised in the so-called "competitor actions" brought against Pfizer and others, which are pending in the transferee court. To this extent, the doxycycline action in California presents issues of fact common to the proceedings in Minnesota. And, secondly, discovery concerning the doxycycline patent and product, which will be sought by defendants in the California infringement action, is already progressing in the coordinated proceedings under order of the transferee court in Minnesota. Transfer, therefore, will eliminate the possibility of duplicative discovery proceedings, inconsistent pretrial rulings and conflicting pretrial conferences.[2]

In addition, Pfizer intends to move for an order preliminarily enjoining defendants from manufacturing and marketing doxycycline. Although we recognize the complexity of this litigation, we do not agree with plaintiff that, if its

---

* Although Judge Weinfeld was unable to attend the Panel hearing, he has, with the consent of all parties, participated in this decision.

1. Defendants move for transfer of this action to the Southern District of New York. When Judge Lord was assigned the "non-settling" actions in this litigation by the Panel, he received an inter-circuit assignment to the Southern District of New York to conduct the coordinated or consolidated pretrial proceedings. Subsequently, Judge Lord transferred all non-settling actions under Section 1404(a), except the so-called "competitor cases" and certain recently filed actions, to the District of Minnesota for all purposes. He also ordered that pretrial proceedings in all actions would be conducted in Minneapolis and that all papers should be filed in the District of Minnesota and would be treated; where necessary, as if they were filed in the Southern District of New York, the original transferee district. It is clear that unless Judge Lord transfers the remaining actions to Minnesota under Section 1404(a) they will be remanded to the respective transferor districts for trial at the conclusion of the pretrial proceedings. And that is also true of this infringement action. We, therefore, find it more expedient to transfer this action to Minnesota for pretrial proceedings.

2. Cf., In re Antibiotic Drugs Antitrust Litigation, 327 F.Supp. 617 (J.P.M.L. 1971)

**1402**

action is transferred to Minnesota, its attempt to enforce its patent will become "bogged down" in the consolidated proceedings. Rather, we are convinced that the transferee judge, who has extensive familiarity with the issues and the parties involved in this litigation, is in the best position to schedule the necessary discovery and to hear the motion for a preliminary injunction with a minimum of delay and inconvenience to all parties concerned.

It is therefore ordered that the action, Pfizer Inc. v. International Rectifier Corp. et al., C.D.Cal., Civil Action No. 73–58–R, be, and the same hereby is, transferred to the District of Minnesota and assigned to the Honorable Miles W. Lord for coordinated or consolidated pretrial proceedings with the actions pending there, pursuant to 28 U.S.C. § 1407.