### In re MULTIDISTRICT CIVIL ANTITRUST ACTIONS INVOLVING ANTIBIOTIC DRUGS.

*The Government of Colombia v. Pfizer, Inc., et al.,* D. District of Columbia, Civil Action No. 74–1747.

*The Government of Korea v. Pfizer, Inc., et al.,* D. District of Columbia, Civil Action No. 74–1748.

### No. 10.

Judicial Panel on Multidistrict Litigation.

Jan. 21, 1976.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM,* EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

The Panel, pursuant to 28 U.S.C. § 1407, previously assigned the pretrial proceedings of the non-settling actions in this litigation to the Honorable Miles W. Lord, sitting by designation, in the Southern District of New York.[1] Subsequently, Judge Lord transferred most of the non-settling actions for all purposes to the District of Minnesota under 28 U.S.C. § 1404(a).[2] Since the above-captioned actions appeared to involve factual issues common to the litigation before Judge Lord, the Panel issued an order conditionally transferring them[3] to the District of Minnesota for centralized pretrial proceedings with the actions pending there.[4] All the defendants have collectively moved the Panel to vacate the conditional transfer order. The plaintiffs oppose defendants' motion.

We find that these tag-along actions involve questions of fact common to the actions previously transferred to the District of Minnesota and that their transfer to that district for coordinated or consolidated pretrial proceedings under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

These actions were instituted under the federal antitrust laws by the governments of Colombia and Korea, respectively, against seven pharmaceutical manufacturers. Both actions arise from defendants' sale to plaintiffs of certain broad spectrum antibiotic drugs. Plaintiffs sue on their own behalf and as *parens patriae* of their citizens. The complaints contain allegations that defendants conspired to fix the prices of broad spectrum antibiotic drugs, that they conspired to exclude other drug manufacturers from competing in the broad spectrum antibiotic market, and that the principal product patent on tetracycline was procured by fraud.

Like the two actions now before the Panel, five of the actions that remain before Judge Lord in a pretrial posture were commenced by foreign governments. Defendants in *Colombia* and *Korea* concede that these actions share common questions of fact with both the five foreign government actions and the remaining actions currently pending in Minnesota. Nevertheless, defendants urge the Panel to reevaluate whether the expeditious conduct of this litigation would best be served by the continued pretrial of the foreign government ac-

* Although Judge Wisdom was unable to attend the Panel hearing, he has, with the consent of all parties, participated in this decision.

1. *In re Multidistrict Civil Antitrust Actions Involving Antibiotic Drugs, 320 F.Supp. 586 (Jud.Pan.Mult.Lit.1970).*

2. *See In re Multidistrict Civil Antitrust Actions Involving Antibiotic Drugs, 355 F.Supp. 1400, 1401 n. 1 (Jud.Pan.Mult.Lit.1973).*

3. Rule 12, R.P.J.P.M.L., 53 F.R.D. 119, 123 (1971).

4. An additional action entitled *The Government of Spain v. Pfizer, Inc., et al.*, D. District of Columbia, Civil Action No. 74–1746, was also conditionally transferred to the District of Minnesota. Since the Panel hearing, however, that action has been dismissed.

tions in the District of Minnesota. Instead, they recommend that the Panel segregate the foreign government actions from the actions brought by domestic plaintiffs and transfer the former to the District of the District of Columbia for pretrial processing with *Colombia* and *Korea.* In support of this proposal, defendants point to the burden on Judge Lord in supervising the domestic aspect of this litigation and maintain that the foreign government actions raise enough distinct issues to warrant separate treatment.

While we certainly recognize the tremendous burden that this massive and complex litigation places upon Judge Lord, we remain convinced that the foreign government actions, including *Colombia* and *Korea,* belong before him in the District of Minnesota for pretrial proceedings. Judge Lord is singularly familiar with all the parties, their counsel, counsel's tactics, the witnesses and the relevant documents. And he has accumulated substantial expertise regarding the subject matter of all aspects of this litigation, including the foreign government actions. To require a new judge to educate himself or herself in the myriad of complex matters about which Judge Lord has gained extensive knowledge would, in the absence of exceptional circumstances, be counterproductive and an inefficient use of judicial resources. Moreover, much of the pretrial proceedings that has transpired thus far in this litigation can be made applicable to the foreign government actions,[5] and surely Judge Lord is in the best position to supervise the extent and manner of such applicability.

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the actions entitled *The Government of Colombia v. Pfizer, Inc., et al.,* D. District of Columbia, Civil Action No. 74–1747 and *The Government of Korea v. Pfizer, Inc., et al.,* D. District of Columbia, Civil Action No. 74–1748, be, and the same hereby are, transferred to the District of Minnesota and, with

the consent of that court, assigned to the Honorable Miles W. Lord for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.

---

5. See *Manual for Complex Litigation,* Parts I and II, Sections 3.11 (rev. ed. 1973).