**UNITED STATES of America,**
**Plaintiff,**

v.

**GRINNELL CORPORATION, American District Telegraph Company, Holmes Electric Protective Company and Automatic Fire Alarm Company of Delaware, Defendants.**

**No. 65 Civ. 2486.**

United States District Court
S. D. New York.
Oct. 20, 1969.

Noel E. Story, Antitrust Division, Dept. of Justice, Washington, D. C., for plaintiff.

Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, for defendant Grinnell Corp.

White & Case, New York City, for defendant American District Telegraph Co.

Kelley, Drye, Newhall, Maginnes & Warren, New York City, for defendant Holmes Electric Protective Co.

Stickles, Hayden, Kennedy, Hort & Van Steenburgh, New York City, for defendant Automatic Fire Alarm Co. of Delaware.

METZNER, District Judge:

Defendants move for partial summary judgment against the federal government, plaintiff in this action, based on the four-year statute of limitations governing antitrust suits. Clayton Act § 4B, ch. 283, § 1, 69 Stat. 282, 283 (1955), codified in 15 U.S.C. § 15b. They also request leave to amend their answers to accord with their position. They seek to bar any of plaintiff's claims which accrued over four years before the filing of the damage action on June 7, 1965. The government's complaint requests damages dating from April 13, 1957, on the theory that the government enforcement action filed against the four defendants herein on April 13, 1961, suspended the running of the limitations period against its damage claims.

The decision turns on whether the federal government's damage action is a "private right of action" so that it may benefit from the tolling provision of Clayton Act § 5(b), ch. 283, § 2, 69 Stat. 282, 283 (1955), codified in 15 U.S.C. § 16(b):

> "Whenever any civil or criminal proceeding is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, but not including an action under section 4A, the running of the statute of limitations in respect of *every private right of action arising under said laws* and based in whole or in part on any matter complained of in said proceeding shall be suspended during the pendency thereof and for one year thereafter: *Provided, however,* That whenever the running of the statute of limitations in respect of a cause of action arising under section 4 is suspended hereunder, any action to enforce such cause of action shall be forever barred unless commenced either within the period of suspension or within four years after the cause of action accrued." (Emphasis added).

Defendants contend that a "private right of action" is one brought by a private party, as opposed to the government. The government says that the phrase denotes any cause of action for private injury to a particular plaintiff, as opposed to an enforcement action seeking an injunction against public injury, and urges that it is the cause of action, not the party, which must be private under the terms of the law. The question appears to be one of first impression.

The resolution of the question requires an understanding of the history of the Clayton Act. § 4 of the Act, enacted in 1914, permits "any person * * * injured in his business or property" by an antitrust violation to recover treble damages, the cost of suit and counsel fees. 15 U.S.C. § 15. The Supreme Court held in 1941 that the United States was not a "person" within § 4. United States v. Cooper Corp., 312 U.S. 600, 61 S.Ct. 742, 85 L.Ed. 1071 (1941). The Court examined the entire structure of the Clayton Act in reaching this conclusion. It pointed out that simply because Congress saw fit to give a private person

a remedy for his losses in treble damages it did not follow that the government should be awarded the same remedy. It further pointed out that the inclusion of counsel fees in the costs of a successful private litigant is not appropriate to a government action. Finally, it relied on the wording of § 5 to show that Congress recognized a distinction between government actions to vindicate public rights and actions for damages by private litigants, interpreting § 5 as not applying to the government.

In response the Congress in 1955 added § 4A to the Clayton Act, permitting the federal government to recover single damages and costs, but not counsel fees, from antitrust violators who have injured it. Ch. 283, § 1, 69 Stat. 282, 283 (1955), 15 U.S.C. § 15a. The same amending statute divided existing § 5 into two subdivisions. That section had provided that prima facie effect be given to the decree in the enforcement action "in any action or proceeding brought by any other party against such defendant." It had also tolled the statute of limitations "in respect of every private right of action arising under said [antitrust] laws" during the pendency of the enforcement action.

The new § 5(a) dealt with the prima facie effect to be given to the enforcement decree and specifically allowed the government, in prosecuting its damage claims, now permitted by § 4A, to avail itself of the decree in the enforcement action. The tolling provisions were contained in the new § 5(b). It carried over the old language "in respect of every private right of action arising under said laws * * *." There was added a clause which reads "That whenever the running of the statute of limitations in respect of a cause of action arising under section 4 * * *."

Since these amendments resulted from the *Cooper* decision, *supra*, it is obvious that Congress was very careful in delineating what it intended. When it continued to use the language "private right of action," it understood how that language had been interpreted by the Court. This is all the more obvious when the clause quoted above refers only to § 4, which provides the damage remedy for private litigants.

Consequently, it appears that it was never intended to give the government the advantages of the tolling period. This result is consistent with the policy underlying the tolling provisions. Originally § 5 was enacted "to help persons of small means who are injured in their property or business by combinations or corporations violating the antitrust laws." S.Rep. No. 698, 63d Cong., 2d Sess. 10 (1914). Such individuals must rely on the government's extensive resources for investigating antitrust violations and prosecuting the violators. The government itself does not have this excuse for delay. It should be held to the strict four-year period enacted by Congress to cut off stale claims and guarantee business efficiency.

The decision in Minnesota Mining & Mfg. Co. v. New Jersey Wood Finishing Co., 381 U.S. 311, 317, 85 S.Ct. 1473, 1477, 14 L.Ed. 2d 405 (1965), which emphasized the importance of the benefits given litigants by § 5(b), is not contrary to this conclusion. In that case the Court stated that "it is plain that in § 5(b) Congress meant to assist *private litigants* in utilizing any benefits they might cull from government antitrust actions." (Emphasis added).

We hold, therefore, that the government is limited to causes of action accruing within four years of the filing of this suit. In view of the failure of the government to object, the amendment of defendants' answers is allowed under Fed. R.Civ.P. 15(a).

Motion granted. So ordered.