**UNITED STATES of America,
Plaintiff,**

v.

**GRINNELL CORPORATION et al.,
Defendants.**

**No. 65 Civ. 2486.**

United States District Court
S. D. New York.

Dec. 24, 1969.

See also D.C., 305 F.Supp. 285.

Noel E. Story and Richard M. Clinton, Dept. of Justice, Washington, D. C., for plaintiff.

Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, for defendant Grinnell Corp.

White & Case, New York City, for defendant American District Telegraph Co.

Kelley, Drye, Newhall, Maginnes & Warren, New York City, for defendant Holmes Electric Protective Co.

Stickles, Hayden, Kennedy, Hort & Van Steenburgh, New York City, for defendant Automatic Fire Alarm Co. of Delaware.

METZNER, District Judge.

The federal government, plaintiff in this antitrust damage action, moves for a determination that the defendants are collaterally estopped from litigating the issue of defendants' violation of the antitrust laws. All the defendants herein have previously been found to have violated §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 & 2, in an enforcement action brought by the government. United States v. Grinnell Corp., 236 F.Supp. 244 (D.C.R.I.1964), vacated and remanded on other grounds, 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966).

The instant suit is brought pursuant to § 4A of the Clayton Act, as amended, 15 U.S.C. § 15a, which grants the United States a right of action to recover damages whenever it is "injured in its business or property by reason of anything forbidden in the antitrust laws * * *." The government argues that defendants are estopped by common law principles from denying the violations previously determined.

■ Under established common law principles of collateral estoppel, all issues of ultimate fact which were actually litigated and necessarily determined in a prior action cannot be litigated again between the same parties. Yates v. United States, 354 U.S. 298, 335–338, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957); Cromwell v. County of Sac, 94 U.S. 351, 352–353, 24 L.Ed. 195 (1877); McNellis v. First Federal Sav. & Loan Ass'n, 364 F.2d 251, 254–255 (2d Cir.), cert. denied,

385 U.S. 970, 87 S.Ct. 504, 17 L.Ed.2d 434 (1966); The Evergreens v. Nunan, 141 F.2d 927, 928, 152 A.L.R. 1187 (2d Cir.), cert. denied, 323 U.S. 720, 65 S.Ct. 49, 89 L.Ed. 579 (1944); Restatement of Judgments § 68 (1942). In the absence of a governing statute these principles would control.

■ In United States v. Cooper Corp., 312 U.S. 600, 61 S.Ct. 742, 85 L.Ed. 1071 (1941), the Court held that the United States could not recover damages when injured by an antitrust violation. In 1955 Congress added § 4A to the Clayton Act, 15 U.S.C. § 15a, which afforded the government the right to maintain such an action. The rights conferred, however, were strictly limited. The United States could only seek actual damages, not the treble damages allowed to private plaintiffs, and it was not permitted to recover attorney's fees.

At the same time § 5(a) of the Act was amended to read as follows:

> "A final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant under said laws *or by the United States under section 4A*, as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto. * * *" Ch. 283, § 2, 69 Stat. 282, 283 (1955), codified in 15 U.S.C. § 16(a) (emphasis added).

The 1955 amendments added the italicized phrase and made other minor adjustments in the statute. The addition of that language can be explained in only one way: Congress must have meant to limit the use of an enforcement action judgment by the United States in later damage suits by making it no more than prima facie evidence of antitrust violations. Any other reading makes the added phrase mere surplus verbiage, because, absent the phrase, the enforcement judgment would have conclusive effect under the doctrine of collateral estoppel in a private government suit against the defendant.

The intention to limit the United States to the same use of enforcement action decrees as prima facie evidence as theretofore granted private parties is borne out by the legislative history of the amendments. The head of the Antitrust Division of the Department of Justice, which sponsored the amendments, testified as follows concerning another bill which would have had the same effect on § 5(a) as the bill actually enacted:

> "Section 5 of the Clayton Act would be amended to permit the use of a final judgment or decree in an injunctive or criminal proceeding by the Government as prima facie evidence against such defendant in damage suits by the United States. *That places the United States in the same category as the private litigant* in relying upon the action by the United States, not in a proprietary capacity, but in an enforcement capacity in obtaining a judgment against a private individual." Remarks of Stanley N. Barnes, Feb. 16, 1955, at Hearings on H.R. 3658 before Subcomm. No. 5 of the House Comm. on the Judiciary, 84th Cong., 1st Sess. 7 (1955) (unpublished) (emphasis added).

The Department of Justice has adhered to this construction over the years. In 1966 the then chief of its Antitrust Division, Donald F. Turner, testified against a bill giving conclusive effect in damage actions to prior enforcement action judgments. Mr. Turner stated:

> "For purposes of sec. 5(a) governmental damage suits under Clayton Act sec. 4A are treated like private suits. A judgment or decree in a sec. 4A suit is not given evidentiary effect in a private suit, but a judgment or decree in any other Government suit is given the same evidentiary effect

in a sec. 4A suit as it would be given in a private suit." Remarks of Donald F. Turner, July 15, 1966, at Hearings on Nolo Contendere and Private Antitrust Enforcement Pursuant to S.Res. 191 and S. 2512 before the Subcomm. on Antitrust and Monopoly of the Senate Comm. on the Judiciary, 89th Cong., 2d Sess. 85 n. 1 (1966).

These 1955 amendments which we have been discussing also made changes in the existing provision for tolling the statute of limitations as to private litigants. Clayton Act § 5(b), 15 U.S.C. § 16(b). The government was not given the advantage of these tolling provisions. United States v. Grinnell Corp., 305 F. Supp. 285 (S.D.N.Y.1969). This further indicates the congressional intent to limit the rights of the government in damage suits.

For all these reasons plaintiff's motion is denied.

So ordered.