In re Multidistrict Civil Antitrust Actions
Involving **ANTIBIOTIC DRUGS.**
United States v. Charles Pfizer, et al.,
D. D.C., Civil Action No. 1966–69.
No. 10.

Judicial Panel on Multidistrict Litigation.
Jan. 30, 1970.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER and JOSEPH S. LORD, III, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

On July 15, 1969 the United States filed a three count civil action in the United States District Court for the District of Columbia against the same seven drug companies [1] that are defendants in more than 125 private treble damage antitrust actions originally filed in or transferred to the Southern District of New York for coordinated or consolidated pretrial proceedings under 28 U.S.C. Section 1407. All defendants have joined in a motion to transfer this action to the Southern District of New York under Section 1407. The Government vigorously opposes the transfer of this action to the Southern District of New York. A hearing was held in Philadelphia on December 8, 1969 to consider the transfer and all parties in this multidistrict litigation were notified.

---

1. Charles Pfizer & Co., Inc., American Cyanamid Company, Bristol-Myers Company, Olin Mathieson Chemical Corporation, Squibb Beech-Nut, Inc., E. R. Squibb & Sons, Inc., and the Upjohn Company.

Although combined in a single complaint, each of the three counts states a separate cause of action, requests different relief and involves different defendants. We have therefore separately considered the possible transfer of each count or claim for relief.

■ Count I names Pfizer as the sole defendant and seeks cancellation of Pfizer's tetracycline patent "on the grounds that the patent was procured by fraud in that Pfizer, in the course of prosecuting its patent application, made false and misleading statements to, and withheld material information from, the Patent Office but for which conduct no patent would have issued." Counsel for the Government stresses the uniqueness of the relief requested in Count I while counsel for Pfizer stresses the fact that most of the private actions also allege "fraud on the Patent Office" as one of the offenses committed by the defendants.[2] Of course, the applicability of different legal principles will not prevent the transfer of an action under section 1407 if the requisite *common questions of fact* exist. In the Matter of Westec Corporation, 307 F.Supp. 559 (J.P.M.L.1969).

■ But conceding the existence of some common questions of fact with respect to "fraud on the Patent Office" claims, it does not appear that any additional discovery will be required in connection with Count I.[3] We are convinced that the just and efficient conduct of all of the civil actions involved in this multidistrict litigation will be best served by severing the patent can-cellation claim (Count I) and leaving it in the United States District Court for the District of Columbia.

The remainder of this action (Count II and Count III) is brought by the Government "in its capacity as a direct purchaser of broad spectrum antibiotics * * * and as the party providing funds for the purchase of such products by various agencies under federally assisted programs and pursuant to various foreign aid programs."

■■ Count II is denominated as a "common law action of deceit" and as such would not be subject to the four year statute of limitations applicable to Count III. *Cf.* United States v. Grinnell Corporation, 305 F.Supp. 285 (S.D.N.Y., October 20, 1969). Like Count III, it is an action for damages but, like Count I, it is based on a "fraud on the Patent Office" claim. As the majority of the private damage actions include substantially identical allegations, we are satisfied that Count II raises sufficient common questions of fact to justify its transfer.

Counsel for the Government emphasizes that Count III[4] is based solely on the commercial exploitation of the tetracycline patent which was allegedly procured by fraud on the Patent Office. A comparison of the offenses charged under Count III (Government Complaint, pp. 35–39) to those contained in the majority of the private actions in this multidistrict litigation reveals the existence of numerous, complex common questions of fact.[5] There can be little doubt that

---

2. For example, the plaintiffs in Ford Hopkins, et al. v. Chas. Pfizer & Co., Inc., et al. (filed in the Northern District of Illinois and transferred to the Southern District of New York under section 1407) charge that "Pfizer and Cyanamid and Bristol withheld pertinent and material information from the Patent Office and otherwise misled the Patent Office prior to the issuance of Pfizer's Tetracycline patent."

3. During oral argument counsel for the Government informed us that the Government intended to file a motion for summary judgment on Count I.

4. Count III is brought under Section 4A of the Clayton Act (15 U.S.C. § 15a) and is thus specifically excluded from the statutory bar contained in section 1407 (g).

5. Factual allegations common to Count III and, for example, the Ford Hopkins complaint, *supra*, include:

(1) that Cyanamid refused to grant licenses for the manufacture of Aureomycin to anyone but Pfizer & Bristol;

(2) that Pfizer refused to grant licenses for the manufacture of tetra-

all discovery relating to these common questions of fact should be coordinated by a single court.

There is an additional reason for transferring Counts II and III to the Southern District of New York. Under both of these counts the Government seeks to recover money damages resulting from the purchase of broad spectrum antibiotics by "various agencies under federally assisted programs." Many of the recipients of these federal funds, including virtually all the fifty states, have brought their own actions for damages based in part on *the same purchases*. Thus even *transaction data* will, to some degree, be common to the Government action and to those actions brought by states and political subdivisions and agencies thereof. In addition, the transfer of Counts II and III will eliminate possible overlapping recoveries based on the same purchases.

The Government also suggests that the transfer of this action to the Southern District of New York and its assignment to Judge Inzer Wyatt would add substantially to the "staggering burden" of processing the numerous actions already assigned to him. The burden is indeed a heavy one but we can take judicial notice of the fact that Judge Wyatt is capably overseeing not only the settlement of the majority of these actions but also discovery and other pretrial proceedings in the *non-settling cases*. We believe that Counts II and III are so closely related to the actions already assigned to Judge Wyatt that their assignment to him will not significantly increase the burden created by this assignment of the multidistrict litigation to him.

It is therefore ordered that this action be and the same is hereby transferred to the United States District Court for the Southern District of New York and with the prior consent of that court assigned to the Honorable Inzer B. Wyatt for co-ordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. Section 1407.

It is further ordered that the claim embodied in Count I of the Government complaint is separated and remanded to the United States District Court for the District of Columbia pursuant to 28 U.S.C. Section 1407(a).

cycline to anyone but Cyanamid and Bristol;

(3) that Cyanamid and Bristol fraudulently assisted Pfizer in obtaining its tetracycline patent;

(4) that Pfizer committed "fraud on the Patent Office" with regard to its tetracycline patent; and

(5) that Bristol refused to sell bulk tetracycline to anyone but Squibb and Upjohn.