UNITED STATES of America, Plaintiff,

v.

DENTSPLY INTERNATIONAL, INC., Defendant.

Howard Hess Dental Laboratories Incorporated and Philip Guttierez d/b/a Dentures Plus, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Dentsply International, Inc., Defendant.

Robert B. Raiber, DDS, P.C., individually and on behalf of all others similarly situated, Plaintiff,

v.

Dentsply International, Inc., Defendant.

Nos. Civ.A. 99–5 MMS, Civ.A. 99–255 MMS, Civ.A. 99–343 MMS.

United States District Court, D. Delaware.

Oct. 29, 1999.

Carl Schnee, United States Attorney, Judith M. Kinney, Assistant United States Attorney, United States Department of Justice, Wilmington, DE; of counsel: Mark J. Botti, William E. Berlin, Frederick S. Young, Michael S. Spector, United States Department of Justice, Antitrust Division, Washington, DC, for plaintiff United States of America in Civil Action No. 99–5.

Pamela S. Tikellis, Robert J. Kriner, Jr., Chimicles & Tikellis, LLP, Wilmington, DE; of counsel: Thomas A. Dubbs, Hollis L. Salzman, Goodkind Labaton Rudoff & Sucharow LLP, New York City, for plaintiffs Howard Hess Dental Laboratories Incorporated and Philip Guttierez d/b/a Dentures Plus, on behalf of themselves and all others similarly situated, in Civil Action No. 99–255.

Edward B. Rosenthal, Rosenthal, Monhait, Gross & Goddess, P.A.; of counsel: Stephen D. Oestreich, Patricia I. Avery, Wolf Popper LLP, New York City, for plaintiff Robert B. Raiber, DDS, P.C., in Civil Action No. 99–343.

James P. Hughes, Jr., Young, Conaway, Stargatt & Taylor, Wilmington, DE; of counsel: Margaret M. Zwisler, Richard A. Ripley, Kelly A. Clement, Eric J. McCarthy, Howrey & Simon, Washington, DC, for defendant Dentsply International, Inc., in Civil Action No. 99–5, 99–255, and 99–343.

## OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

Dentsply International Inc. ("Dentsply") is the sole defendant in three antitrust actions currently pending before this court: an antitrust enforcement action brought by the United States Department of Justice and two "tag-along" private antitrust damages actions. Dentsply has moved to consolidate pretrial proceedings in all three actions. If one ignores this is a nationwide government antitrust suit, the relevant considerations, such as commonality of factual and legal issues, identity of parties, and overlap in discovery typically dictate consolidation. However, based on public policy considerations set forth in the multidistrict litigation statute [1] and its legislative history, the motion to consolidate will be denied.

## I.  Factual and Procedural Background

The Antitrust Division of the United States Department of Justice ("Government") filed an antitrust suit against Dentsply on January 5, 1999, seeking to enjoin Dentsply's alleged violations of federal antitrust law. *United States of America v. Dentsply Int'l, Inc.*, C.A. No. 99–5 ("Government" action). The complaint alleges Dentsply has engaged in, and continues to engage in, various actions to unlawfully maintain its monopoly power in the market for prefabricated, artificial teeth and to deny competing manufacturers of artificial teeth access to independent distributors (known in the industry as "dealers") of artificial teeth in the United States, in violation of §§ 1 and 2 of the Sherman Act [2] and § 3 of the Clayton Act. [3] The Government alleges the dealers are a necessary means for manufacturers of artificial teeth to effectively distribute their products in the United States [4] and that Dentsply has entered into restrictive agreements and taken other actions to induce and compel dealers not to carry certain competing lines of artificial teeth. As a result of Dentsply's actions, the Government contends rival manufacturers of artificial teeth have been foreclosed from selling their teeth through the large majority of outlets that carry artificial teeth, thereby reducing com-

---

1.  28 U.S.C. § 1407 (1994).

2.  15 U.S.C. §§ 1, 2 (1994).

3.  15 U.S.C. § 14 (1994).

4.  The Government's complaint states that almost all artificial teeth sold in this country are used by dental laboratories to make dentures. Although some manufacturers of artificial teeth sell their product directly to dental laboratories, dealers (also referred to in the complaint as "dental laboratory dealers," "independent dealers," and "independent distributors") are the primary channel through which dental laboratories purchase artificial teeth.

petition among artificial teeth manufacturers, resulting in higher prices, fewer choices, less market information, and lower quality artificial teeth. The Government seeks to enjoin Dentsply's alleged anticompetitive conduct.

On January 8, 1999, Robert Raiber, DDS, P.C., filed a class action lawsuit against Dentsply in the Supreme Court of New York on behalf of all dentists who purchased artificial teeth manufactured by Dentsply, either directly or through a dealer or dental laboratory, in the preceding four years. *Robert B. Raiber, DDS, P.C. v. Dentsply Int'l, Inc.*, C.A. No. 99–343 ("Raiber" action). Raiber's antitrust allegations are substantially identical to those in the Government action, although Raiber's claim is based upon New York state antitrust law, the Donnelly Act.[5] The complaint seeks damages and a jury trial in addition to enjoining Dentsply's alleged anticompetitive conduct.

Dentsply removed the Raiber case to the United States District Court for the Southern District of New York. Raiber then moved to transfer to the United States District Court for the Middle District of Pennsylvania, and Dentsply cross-moved for transfer to this court. On May 24, 1999, the United States District Court for the Southern District of New York granted Dentsply's cross-motion to transfer the Raiber case to this court pursuant to 28 U.S.C. § 1404(a).

Before any ruling was made on the cross-motions for transfer in the Raiber case, Howard Hess Dental Laboratories, Inc. brought a class action suit against Dentsply in this court on behalf of all dental laboratories who purchased defendant's products from dealers since January 1, 1987. *Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, C.A. No. 99–255 ("Hess" action). The Hess complaint alleges violations of the same federal antitrust statutes as the Government complaint, and the antitrust allegations are nearly verbatim to those set forth in the Government complaint. Hess, like Raiber, seeks damages

and a jury trial in addition to injunctive relief.

On July 2, 1999, Dentsply moved to consolidate the three actions for purposes of pretrial proceedings under Fed.R.Civ.Pro. 42(a).[6] It maintains that consolidation is warranted because the complaints in each case are virtually identical; there are common facts and law at issue; there is considerable overlap in discovery; and the defendant is the same in each action. Dentsply also correctly asserts that consolidation will benefit Dentsply and third party witnesses and promote judicial efficiency by ensuring that discovery from one case can be used in all three cases, thereby avoiding duplicative discovery and motions practice. Finally, Dentsply vigorously contends that without consolidation there is no guarantee it can use discovery obtained in the Government case in its defense of the private class actions.

The plaintiffs in the Hess and Raiber actions have declined to take a position on consolidation. The Government opposes consolidation, arguing that Congress and the courts have articulated a public policy against consolidating government antitrust suits with private antitrust actions. The Government further contends that consideration of the relevant factors demonstrates that consolidation is not warranted because it poses risks of delay in the government case; that the Government's situation is different from that of the class action plaintiffs in the Hess and Raiber actions; that consolidation will adversely affect the rights of the Government; and that informal coordination amongst the parties has largely avoided duplicative discovery and motions practice to date.

## II. Discussion

■ "Rule 42(a) of the Federal Rules of Civil Procedure gives this Court broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the admin-

---

5. N.Y.Gen.Bus.Law § 340 (McKinney 1999).

6. Fed.R.Civ.P. 42(a) provides:
   **Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

istration of justice."[7] However, "[t]he mere existence of common issues, a prerequisite to consolidation, does not require consolidation."[8] In determining whether to consolidate, the court balances the savings of time and effort gained through consolidation against the inconvenience, delay, or expense that it might cause.[9]

## A. Standard considerations under Rule 42(a) favor consolidation

Given the similarity of the allegations in the Government's complaint and the "tag-along" class suits, Rule 42(a)'s requirement of common factual or legal issues is met.[10] Additionally, several factors in this case favor consolidation under Rule 42(a), including overlapping parties (Dentsply is the sole defendant in each case), similar claims based on common facts and transactions, and discovery overlap.[11]

First, the claims in each case are similar and arise from the same alleged conduct by Dentsply: that Dentsply has taken various actions to unlawfully maintain its monopoly power in the market for artificial teeth and to deny competing manufacturers of artificial teeth access to dealer distribution networks through its use of various restrictive dealer arrangements. The most apparent differences among the complaints are that Hess and Raiber request monetary damages and the Government does not,[12] and that the Hess and Raiber suits are class actions seeking a jury trial. Neither of these differences alone would be sufficient to preclude consolidation.[13] Moreover, discovery related to the damages and class issues is scheduled to take place in the Raiber and Hess cases after discovery has concluded in the Government case.

Second, the virtual correspondence of the substantive antitrust allegations in the three cases means there will be a substantial overlap in discovery. The three cases require discovery of many of the same witnesses and review of many of the same documents. Consolidated discovery would conserve Dentsply resources because it would not have to obtain agreement from all plaintiffs and involved third parties before it could use discovery obtained in one case in the others, and it could avoid issuing duplicative discovery process in each case. Moreover, burdens on third party witnesses would be reduced through avoidance of duplicative discovery. Most importantly, without consolidation, Dentsply will not be guaranteed the use of discovery obtained in the Government case in the other two suits. Dentsply urges that foreign courts may be loath to grant it permission to depose witnesses again for the private cases if it has already deposed such witnesses on many of the same issues in the Government case.

From what has been said *supra*, an analysis of the standard factors under Rule 42(a) would counsel consolidation in this case. However, based on the public policy position articulated by the United States Congress, discussed *infra*, the pretrial proceedings in

---

7. *Waste Distillation Tech., Inc. v. Pan Am. Resources, Inc.*, 775 F.Supp. 759, 761 (D.Del.1991) (citing *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir.1964), *cert. denied*, 382 U.S. 812, 86 S.Ct. 23, 15 L.Ed.2d 60 (1965)).

8. *Id.* (citing *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F.Supp. 1298, 1309 (D.Del.1981)).

9. *See id.*; 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2383, at 438–39 (2d ed.1995).

10. The Government does not dispute the existence of common factual and legal issues.

11. *See* 8 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 42.10[6] (3d ed.1999); 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2384.

12. The Government also points out that the Raiber claim is based not on the federal antitrust statutes but on New York's Donnelly Act. Nonetheless, there is still the potential for enormous overlap in discovery because the Raiber complaint's allegations are nearly verbatim to the allegations in the Government's complaint, indicating the claims are based on the same facts and transactions.

13. *See, e.g., Waste Distillation Tech.*, 775 F.Supp. at 761 (consolidating cases where the "only appreciable difference between the two complaints is an additional claim for relief"); *cf. Martinez v. Bechtel Corp.*, No. C–74–2402 SW, 1975 WL 274, 1975 U.S.Dist. LEXIS 15226, at *4–5 (N.D.Cal. Nov. 18, 1975) (ordering consolidation despite differences in proposed class composition).

the Government case will not be consolidated with the other cases.[14]

### B. For public policy reasons, the private damages suits will not be consolidated with the Government antitrust case

■ Although Rule 42(a) does not expressly prohibit consolidation of pretrial proceedings in any particular type of case, Congress has articulated a strong public policy against combining antitrust complaints brought by the Government with private antitrust damages suits. This public policy is embodied in the multidistrict litigation statute, 28 U.S.C. § 1407, which provides for transfer for consolidation or coordination of pretrial proceedings in most civil actions involving one or more common questions of fact pending in different districts. Even in cases involving common questions of law or fact, the multidistrict litigation statute provides an explicit exemption for "any action in which the United States is a complainant arising under the antitrust laws [of the United States]."[15]

The legislative history of § 1407(g) discloses the antitrust exemption was founded on congressional concern that "consolidation might induce private plaintiffs to file actions merely to ride along on the Government's cases," and that this would "almost certainly" cause delay in the resolution of the Government's cases.[16] In this case, as indicated by the nearly identical allegations of the Government complaint and the Hess and Raiber complaints, the Hess and Raiber actions are the type of private tag-along actions Congress feared would delay the Government's cases. If consolidation were permitted with the Government antitrust case under Rule 42(a), it would encourage more private tag-along suits, which would likely delay future Government antitrust cases. Moreover, allowing defendants to consolidate private antitrust cases filed in the same district with Government antitrust cases would allow them to circumvent § 1407(g) by seeking transfer of individual cases to the same forum and then moving for consolidation under Rule 42(a).

The legislative history of § 1407(g) acknowledges that exempting Government antitrust complaints from pretrial transfer and consolidation with private antitrust actions imposes some burdens on defendants. However, in weighing the public interest in expedited resolution of government antitrust enforcement actions against the potential burdens of duplicative discovery on defendants, Congress chose to strike the balance in favor of the public's interest in expedited relief:

> While exempting the Government from this legislation may occasionally burden defendants because they may have to an-

---

14. Because the court bases its decision not to consolidate the Government action based on the public policy rationale discussed *infra*, there is no need to address in more detail the Government's arguments that other standard considerations relevant to the Rule 42(a) analysis militate against consolidation.

15. 28 U.S.C. § 1407(g).
The statute does not preclude consolidation of government cases brought under §§ 4A and 4C of the Clayton Act. *See* 28 U.S.C. § 1407(g)–(h). Because a government entity bringing suit under these sections seeks damages, not an injunction, and therefore stands in a position similar to a private litigant, consolidation may be appropriate. *See* H.R.Rep. No. 90–1130, at 5, 8 (1968), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1903, 1905; *In re Antibiotic Drugs*, 309 F.Supp. 155 (J.P.M.L. 1970).

16. H.R.Rep. No. 90–1130, at 5, 8, *reprinted in* 1968 U.S.C.C.A.N. at 1902, 1905. The House Report for § 1407 states:

> Subsection (g) excludes from the operation of the bill antitrust actions in which the United States is complainant. This limitation was requested by the Department of Justice and concurred in by the Coordinating Committee and the Judicial Conference of the United States, on the basis that consolidation might induce private plaintiffs to file actions merely to ride along on the government's cases. Government suits would then almost certainly be delayed, often to the disadvantage of those injured competitors who would predicate damages actions on the outcome of the Government's suit. Furthermore, since section 5(b) of the Clayton Act, 15 U.S.C. § 16(b)) tolls the statute of limitations during the pendency of the Government's action, there is no need for injured competitors to join in the Government's suit.
> H.R.Rep. No. 90–1130, at 5, *reprinted in* 1968 U.S.C.C.A.N. at 1902–03.

swer similar questions posed by both the Government and by private parties, this is justified by the importance [to] the public of securing relief in antitrust cases as quickly as possible.[17]

This antitrust exemption is not capricious, but rather based on congressional recognition of the primacy of antitrust enforcement actions brought by the United States, and that such actions are of special urgency and serve a different purpose than private damages suits because they seek to enjoin ongoing anticompetitive conduct:

> To treat the Government differently is not arbitrary, for the purpose of the governmental suit normally differs from that of a private suit; the Government seeks to protect the public from competitive injury, while private parties are primarily interested in recovering damages for injuries already suffered....[18]

Moreover, 15 U.S.C. § 16(a) also articulates the public policy of recognizing the priority of federal antitrust enforcement actions over private antitrust suits. A finding in favor of the United States in an antitrust enforcement action is prima facie evidence of a violation for injured competitors or customers bringing a subsequent private suit.[19] Permitting federal suits to go forward without being burdened by delays that consolidation may cause not only permits more expeditious relief to the public for conduct adjudged illegal, but also makes a judgment in favor of the Government available for use in a private suit. In addition to providing private antitrust plaintiffs with a powerful weapon, it also promotes judicial efficiency by fostering settlement.[20]

The court holds that Congress, in 28 U.S.C. § 1407(g), has expressed a clear public policy of prioritizing prompt resolution of Government antitrust claims to provide expeditious relief to the public over possible efficiencies to be gained from consolidation with private antitrust damages actions. Because of the § 1407(g) antitrust exemption, Dentsply would not be able to successfully urge the panel on multidistrict litigation to transfer the Government's case for consolidated pretrial proceedings under the multidistrict litigation statute.[21] Because the purpose of consolidating pretrial proceedings pending within one district under Rule 42(a) is analogous to the overarching purpose of 28 U.S.C. § 1407, the court concludes that the public policy underlying § 1407(g)'s exemption of Government antitrust cases from transfer and consolidation of pre-trial proceedings controls this case. This is not to say that there is a per se ban on consolidation of a Government antitrust case under Rule 42(a). However, in cases where the Government objects to consolidation, as in this case, public policy concerns underlying 28 U.S.C. § 1407(g) outweigh other considerations in favor of consolidation.[22]

**17.** H.R.Rep. No. 90–1130, at 8, *reprinted in* 1968 U.S.C.C.A.N. at 1905 (letter of Deputy Attorney General Ramsey Clark, incorporated into the Report).

**18.** *Id.*

**19.** *See* 15 U.S.C. § 16(a) (1994).

**20.** The Government also argues that the public policy against consolidating government antitrust enforcement suits with private suits is demonstrated by courts' refusal to permit private parties to intervene in government antitrust suits. *See, e.g., Sam Fox Publishing Co. v. United States,* 366 U.S. 683, 689, 693, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961) (emphasizing the "unquestionably sound policy of not permitting private antitrust plaintiffs to press their claims against alleged violators in the same suit as the Government...." even where the private litigants are aligned with the Government); *United States v. International Business Machines Corp.,* 62 F.R.D. 530, 532 n. 1 (S.D.N.Y.1974). While these cases and others discuss generally the different purposes behind antitrust enforcement suits brought by the government and private antitrust suits, they involve different issues and considerations and are otherwise inapposite to the instant consolidation.

**21.** *See* 28 U.S.C. § 1407(g).

**22.** Neither the court nor any of the parties was able to locate a case in which there was any discussion of this issue much less a case in which a Government antitrust enforcement suit was consolidated for pretrial proceedings, over the Government's objection, with one or more private antitrust suits under Rule 42(a). That there are no such cases is not entirely surprising because such cases would only arise in instances where the Government objects to consolidation. In cases where the Government does not object to consolidation, the court cannot imagine a scenario where the defendants or the plaintiffs in the private damages suit would have convincing reasons to oppose consolidation.

Dentsply insists that in this case permitting consolidation is consistent with Congress's goal of securing prompt relief for the public in Government antitrust actions.[23] It urges no delay will actually result from consolidation because the parties in each of the three cases are committed to the exact same discovery schedule, with merits discovery scheduled to end on the same date.[24] The court will not accept Dentsply's reasoning because it would require consolidation every time a private class action suit is filed following a Government suit if the parties in the private suit initially adopt the discovery schedule of the Government's case.[25] Moreover, it is possible that third party witnesses who are also competitors of Dentsply might not object to Government discovery of their proprietary information. However, they would strenuously fight to avoid disclosure of that information to rivals, causing delay that would necessitate lengthening the discovery schedule. Finally, Congress, in carving out an exclusion of Government antitrust claims from the multidistrict litigation statute, explicitly excluded these cases from a case-by-case weighing of possible delays versus efficiencies to be gained from coordinating pretrial proceedings. Although there may be some cases in which consolidation would not in fact cause delay to the Government's antitrust case, due to the vagaries of the discovery process there is no way to ensure ahead of time that delay will not occur.

In this case, the United States filed its suit against Dentsply after substantial investigation in which Dentsply participated. The Hess and Raiber plaintiffs, not being involved in that investigation, have to catch up to the United States and Dentsply in their knowledge of the artificial teeth industry and the particulars of the alleged anticompetitive conduct. In fact, depositions in the Government's case were delayed by three weeks in order to permit counsel for Hess and Raiber to get "up to speed" to meaningfully participate in cross-noticed depositions in the Government's case. In sum, the court cannot ignore the reality that, although the parties are currently on the same ambitious discovery schedule, the potential for delay caused by discovery disputes in the private actions is omnipresent.[26]

## III. Conclusion

There is a strong articulated congressional public policy concern that permitting consolidation of Government antitrust suits with private damages suits might encourage private plaintiffs to file tag-along damages suits. Congress has made the decision that inefficiencies and inconvenience to antitrust defendants are trumped by an unwillingness to countenance delay in the prosecution of Government antitrust litigation. An order will be entered denying Dentsply's motion to consolidate pretrial proceedings in the Government action with the Hess and Raiber actions.[27]

---

**23.** At an October hearing, Dentsply also argued that the multidistrict litigation statute presents a different context than consolidation under Rule 42(a); that is, the multidistrict litigation statute is concerned with transferring cases, and that there is a sense that the concern was to protect the Government's choice of forum. The short answer is there is nothing in the statutory language to support this argument. Moreover, the legislative history regarding the exemption only articulates concerns that permitting transfer and consolidation would encourage private tag-along suits and cause delay to the Government's cases.

**24.** Class and damages discovery will take place following the conclusion of merits discovery on February 1, 2000.

**25.** The nature of these tag-along private suits is such that there will always be strong reasons for consolidation under Rule 42(a) because there will be common issues of law and fact and considerable overlap in discovery between the Government action and the private actions.

**26.** While it did not result in any meaningful delay, one such dispute has already arisen between Hess and Dentsply.

**27.** Dentsply did not move in the alternative to consolidate only the Hess and Raiber actions, and neither Hess nor Raiber has requested consolidation. The court assumes without knowing that the litigants concluded there was nothing to be gained by a partial consolidation.